From Burke.
It appeared in evidence that the still, at the making of (361) the contract or shortly thereafter, was in the possession of plaintiff; that it was taken privately out of his possession in the fall of 1808, and very soon after it was so taken, defendant had it and claimed it as his property. *Page 264 
The defendant on 13 July, 1809, sued out a writ against the present plaintiff for a breach of his part of the agreement before mentioned in not making the 600 gallons of whiskey, and at September Term, 1814, obtained a judgment, which plaintiff satisfied before bringing this suit.
The writ in this cause was sued out 30 August, 1815.
Two questions were presented on the appeal to this Court, viz.:
1. Should the action be trover?
2. Was it barred by the statute of limitations?
The substance of this case is, that the defendant agreed with the plaintiff to let him have a still and 300 bushels of corn, for which the plaintiff by the ensuing April was to make for the defendant 600 gallons of whiskey, when
the still was to become the property of the plaintiff. The contract is not under seal, and is dated September, 1806, and the present action is brought upon the contract in 1815, and one of the questions submitted to this Court is, whether the action is barred by the statute of limitations. The breach assigned in the declaration is, that the defendant failed to deliver the still. By the contract, though no precise time is stated, it would seem from the whole of it that the still was to be delivered in time to make the whiskey by the April following. By that
time the defendant was bound to make delivery, and the act, of course, must commence upon his failure; for, though it might be that the plaintiff had it in his power to "quicken" the defendant by a demand before that time, yet, without (362) demand, an action accrued to the plaintiff by this failure on the part of the defendant. What, then, appears to take the present action out of the act? The cross suit was commenced in 1809, in time, and depended upon its merits, and the recovery, whether rightfully or wrongfully, or at what time, has no influence upon this case; for that action or recovery in no respect constitutes thefoundation of this action. If, however, as seems to have been the fact, the still was delivered in proper time, and afterwards taken away by the defendant in 1808, the action then commenced. In whatever light, therefore, the case is considered, it seems clear that the present action is barred. The case, then, presents this aspect: The jury have disregarded the plea of the defendant and found for the plaintiff, and the question arises, Will the Court set aside the verdict on that ground?
Many cases are to be found establishing the doctrine that as a new trial is in the discretion of the court, the court will never award one where it sees justice has been done, and most of these *Page 265 
cases are in relation to the act of limitations. Without finding fault with the reason as well as policy of the rule, it is sufficient in this case to say that nothing appears in this case to warrant a belief that justice has
been done; for to lay it down as a rule that the Court is to permit a beneficial statute, made for the repose of the country and the safety of the citizens, to be repealed, as it were, by a jury who happened to differ from the Legislature, is a doctrine which Justice revolts at, and is repugnant to every idea which I entertain of discretion. As we are all against the plaintiff upon this point, it is not necessary to consider the other. The rule must be made absolute and a new trial awarded.